## Ex parte OWE SAM GOON.

(District Court, N. D. California, First Division. May 17, 1915.)

No. 15802.

1. HABEAS CORPUS ☜85(1)—REVIEW OF PROCEEDINGS TO DEPORT ALIENS.

While the District Court will not prescribe rules of evidence for deportation proceedings before the immigration authorities, where the jurisdiction of such authorities depends upon the establishment of the fact that the alien entered the country within three years, the court on habeas corpus will consider the character of the evidence by which jurisdiction is sought to be established, though not, perhaps, the weight of the evidence.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 77, 78; Dec. Dig. ☜85(1).]

2. ALIENS ☜32(6)—DEPORTATION PROCEEDINGS—EVIDENCE.

In a proceeding to deport a Chinese laborer, who came to the country in 1873 or 1874, and registered and received a certificate as a Chinese laborer in 1894, on the ground that he was in Mexico within three years, and must have entered the country within that time, his right to remain in the country could not be made to depend upon the fact that a resident of Mexico not produced at the hearing, but who testified before an immigration inspector in another city, had identified a photograph of the alien as that of a person seen in Mexico within three years.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 94; Dec. Dig. ☜32(6).]

Petition by Owe Sam Goon for a writ of habeas corpus. On demurrer to the petition. Demurrer overruled, and writ issued.

Joseph P. Fallon, of San Francisco, Cal., for petitioner.

John W. Preston, U. S. Atty., and Walter E. Hettman, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge. The petitioner, a native of China, came here in 1873 or 1874. In 1894 he registered and received his certificate as a Chinese laborer. He was arrested in Tucson on February 19, 1915, having been found in a refrigerator car, together with a fellow countryman. His case was heard by the immigration department, and not before a commissioner or judge, on the theory that he had recently entered the United States from Juarez, Mexico. To establish this fact one Pasqual Carrion of Juarez testified on February

---

26th, before an immigration inspector at El Paso, that he had seen petitioner a number of times in a laundry at Juarez, the last time being in August or September of 1914. This testimony was not taken in the presence of petitioner, but the witness Carrion identified a photograph of petitioner as that of the man seen by him in the laundry at Juarez.

Under Chinese Exclusion Act May 6, 1882, c. 126, 22 Stat. 58, a Chinese alien unlawfully in the country is entitled to a hearing before a commissioner or judge before he may be deported. At such hearing the ordinary rules of evidence are generally applied. Under Immigration Act July 4, 1864, c. 246, 13 Stat. 385, however, *any* alien may be deported after a hearing before the immigration officers at any time within three years after the date of his entry into the United States, if such entry shall have been in violation of law. The claim here is that, as petitioner was identified as having been in Juarez as late as August or September of last year, he must have entered from there in violation of law, as he did not enter through any of the immigration channels. He was not found on the Mexican border, and the only evidence that he had been out of the United States within the three years was the evidence of Carrion, who did not see the petitioner himself for the purposes of identification, but only a photograph.

[1] The court does not undertake to prescribe rules of evidence for the immigration department, but in a case like the present, where the very jurisdiction of the department depends upon the establishment of a certain fact, which fact, when established, takes the alien's case out of the jurisdiction of the courts of the United States, where it is placed by the Chinese Exclusion Law, the court is entitled to regard, not perhaps the weight of the evidence, but certainly the character of the evidence, by which such a transfer of jurisdiction is effected.

[2] In the case at bar we have a Chinaman, resident of this country for 40 years, having a laborer's certificate entitling him to remain, who is not found near the Mexican border line, and who is ordered deported, without being confronted by the witness upon whose testimony the jurisdiction of the immigration department to make the order depends. In my judgment, while affidavits, and ex parte statements, and statements not under oath have been held admissible in proceedings by the immigration department looking to the exclusion or deportation of aliens, the right to remain here of a Chinese person so long a resident of the United States, and who is fortified by the possession of that evidence of his proper presence here, which the law requires should not be made to depend upon the fact that some resident of another country, not produced at the hearing, has identified a photograph, when such identification is the only thing which could deprive the alien of his right to be heard before a commissioner or judge, where such identification would not be admissible as evidence at all.

Holding these views, I am constrained to overrule the demurrer to the petition, and direct the issuance of the writ.

The demurrer is therefore overruled, and the writ will issue as prayed for.